RECEIVED
APR 28 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRANDON MCKINNEY (#492006) | DOCKET NO. 15-CV-661; SEC. P |
| VERSUS | JUDGE DRELL |
| JASON HANCOCK, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Plaintiff Brandon McKinney filed the instant civil rights complaint (42 U.S.C. §1983) pro se and in forma pauperis. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("DOC"), and he is incarcerated at the Concordia Parish Correctional Facility in Ferriday, La. He complains that his probation was wrongfully revoked, and he seeks monetary compensation as well as a criminal prosecution of the defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that, on July 19, 2014, he spoke with an officer concerning a narcotic investigation. He claims that the defendant, Officer Jason Hancock, told Plaintiff that if he spoke with Hancock, the charges against him would be dropped. Apparently the charges were not dismissed. Plaintiff's probation was revoked, and he was sentenced to five years of incarceration on February 18, 2015, all due to "warrants and technical violations."

*Law and Analysis*

Plaintiff challenges the validity of his probation revocation due to "warrants and technical violations." "To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The rule set forth in Heck applies to a challenge to the validity of confinement resulting from a parole-revocation. McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995). Plaintiff's claim for damages is based upon the revocation of his probation, and the sentence imposed for his probation revocation has not been invalidated by a state or federal court. See id. Thus, his claim for monetary damages is barred by Heck.

Plaintiff's claim seeking a criminal investigation is also frivolous. There is no constitutional right to have a person criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States

Attorneys. The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La. C.Cr.P. arts. 61 and 62.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 28th day of April, 2015.

                                                JAMES D. KIRK
                                                UNITED STATES MAGISTRATE JUDGE